IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HUNTER DAVID BROWN,

    Plaintiff,

vs.

LIZ KURZ,

    Defendant.

8:22CV278

**MEMORANDUM AND ORDER**

Plaintiff Hunter David Brown ("Brown") filed his Complaint on August 3, 2022. Filing No. 1. Brown has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Brown's pro se Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

## I. SUMMARY OF COMPLAINT

The subject matter of the case is the alleged unconstitutional actions taken by Nebraska Department of Health and Human Services caseworker Liz Kurz,[1] Filing No. 1, which is duplicative with Case No. 8:22CV249, filed by Brown and his wife Casey Colleen Cox ("Cox") on July 11, 2022. *Compare* Filing No. 1 with Case No. 8:22CV249, Filing No. 1. Specifically, both cases involve allegations by Brown that on March 30, 2022, Brown's

---

[1] It is unclear from the Complaint if Plaintiff sues Defendant in her individual or official capacity. *See* Filing No. 1.

children were removed from the family home and taken into state custody and that Kurz will not tell him the "real reason" for their removal.  *Id.* at CM/ECF p. 4.

The Complaint filed in this case does not contain any additional allegations of material fact.[2]  The relief requested by Brown, however, differs from Case No. 8:22CV249 in that here he alleges federal question jurisdiction for what he contends was a "violation of due process I was forced into making a plea deal I didn't want," and seeks higher money damages of $500,000 for emotional distress manifesting in PTSD, depression, and a heart attack.  *Id.* at CM/ECF p. 3–4.

## II. ANALYSIS

In a separate Memorandum and Order filed August 31, 2022, the Court determined that the Complaint filed in Case No. 8:22CV249 fails to state a claim upon which relief may be granted, but on its own motion gave Brown and Cox 30 days to file an Amended Complaint.  *See* Case No. 8:22CV249, Filing No. 9.  Thus, Case No. 8:22CV249 remains pending, and Brown has been given the opportunity to replead.  Therefore, Brown will not be prejudiced in any manner by the dismissal of the present action as he is able to amend the Complaint in Case No. 8:22CV249 to incorporate the claims alleged and relief sought here.

## III. CONCLUSION

This case will be dismissed without prejudice, as wholly duplicative of Case No. 8:22CV249.

---

[2] "District courts are accorded 'a great deal of latitude and discretion' in determining whether one action is duplicative of another, but generally, a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (citation omitted).

IT IS THEREFORE ORDERED:

1. This action is dismissed without prejudice.

2. Judgment shall be entered by separate document.

Dated this 13th day of September, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge